GARY M. RESTAINO
United States Attorney
District of Arizona
ABBIE BROUGHTON MARSH
California State Bar No. 226680
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: Abbie.Broughton.Marsh@usdoj.gov
Assistant United States Attorneys
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-23-01751-PHX-DWL |
| Plaintiff, | |
| vs. | **MEMORANDUM IN SUPPORT OF DETENTION** |
| Michael Lee Tomasi, | |
| Defendant. | |

The United States of America, by and through undersigned counsel, hereby submits this Memorandum in support of detention in advance of the detention hearing currently set for December 21, 2023. The government's request for detention is supported by the memorandum below and all other matters of record, which are hereby incorporated by reference. The addendum filed by Pretrial Services after Defendant's screening for residential substance abuse treatment finds him suitable for placement but recommends detention. (Doc. 13).

**MEMORANDUM OF LAW**

**I.     BRIEF FACTS AND SUMMARY OF ARGUMENT**

On December 12, 2023, a federal grand jury returned an indictment charging Defendant with six felonies including three counts of violations of 18 U.S.C. §115(a)(1)(B), Making a Threat Against a Federal Official and three counts of violations

of 18 U.S.C. §875(c), Interstate Threat. (Doc. 3). Defendant's violent and threatening comments were aimed at the agents and employees of the Federal Bureau of Investigation. Prior comments made within the last two years also include threats towards congresspeople, an elected District Attorney, and others whose views he opposed. With respect to Defendant's conduct in this case, he has demonstrated a long history of escalating violent comments toward various individuals and groups.

Defendant was cooperative with law enforcement upon his arrest, stating that he knew he'd said some bad things online. Defendant agreed to an interview.  In that interview Defendant admitted he was the user associated with the posts alleged in the indictment. He told agents that he had been drinking heavily around that timeframe and explained a history of alcohol abuse. He also told agents that he had been kicked off other social media platforms including YouTube, Facebook, and Twitter. Patriots.win, the platform used to post the charged threats, also had a code of conduct prohibiting threatening comments and another user warned Defendant that he should not share his identity when making these types of comments. Defendant responded that he would "dox" himself and identified himself by name and said he lived in Denver. This warning was given months before he relocated to Arizona and made the charged threats.

The threats that make up the charged counts include extreme language about killing FBI agents and encouraging others to do the same. This conduct began when he lived in a different venue, but continued and arguably became more extreme and more focused on law enforcement when he moved back to Arizona.

When law enforcement arrested defendant and executed a search warrant on his home and vehicle, he had a loaded handgun in his vehicle and he also had three firearms, including an AR-15 in his home. Also in his home, he had thousands of rounds of ammunition and body armor. Defendant previously posted a link to a video on a different platform where he was dancing with two of his firearms, including the AR-15.

Defendant has had minimal prior contacts with law enforcement. He was arrested by Santa Cruz County Sheriff's Office in May 2007 for Selling Liquor to Minor and

1  convicted and sentenced to 12 months' probation. He was also arrested by Chandler PD in

2  September 2010 for Marijuana-Possession/Use, Marijuana Production, and Drug

3  Paraphernalia Violation and the case was not referred for prosecution.

4      Defendant's use of violent and threatening language paired with his possession of

5  firearms demonstrates that he is a danger to the community. It also demonstrates that there

6  is no combination of conditions that can assure the safety of the public or his appearance

7  at future proceedings—making him a flight risk. For these reasons, he should be detained.

8  **II.     LEGAL ANALYSIS**

9      The government generally bears the burden of showing that Defendant is a danger

10 to the community by clear and convincing evidence and a risk of flight by a preponderance

11 of the evidence. *United States v. Motamedi*, 767 F.2d 1403, 1406-07 (9th Cir. 1985). It is

12 well settled that the United States may proceed by proffer or hearsay. *See United States v.*

13 *Winsor*, 785 F.2d 755, 756 (9th Cir. 1986) ("[T]he rules concerning the admissibility of

14 evidence in criminal trials do not apply to the presentation and consideration of information

15 at the detention hearing."); *United States v. Cabrera-Ortigoza*, 196 F.R.D. 571, 574 (S.D.

16 Cal. 2000) ("The circuit courts that have interpreted 18 U.S.C. § 3142(f) have uniformly

17 made it clear that the government may proceed by proffer at a detention hearing under the

18 Bail Reform Act of 1984."). As a consequence, "there is no requirement of live testimony

19 by the government at a detention hearing." *Cabrera-Ortigoza*, 196 F.R.D. at 574.

20     While the charges here do not establish a presumption of dangerousness, 18 § U.S.C.

21 115(a)(1)(B) is a crime of violence as defined in the Bail Reform Act. §§ 3142(f)(1)(A)

22 and 3156(a)(4); *United States v. Chrestman*, 525 F. Supp 3d 14, 21-22 (D.D.C. 2021).  The

23 Court can consider that the charges include a crime of violence in evaluating

24 dangerousness. *See, United States v. Montoya*, 486 F. Supp. 2d 996, 1004 (D. Ariz. 2007)

25 ("the plain language of the detention statute instructs the Court to consider … whether the

26 charged crime *involves* a crime of violence, and also the nature and circumstances of the

27 offense charged, when determining if a defendant is a danger to the community and should

28 be detained pending trial.")

1    The Court considers the factors set forth in 18 U.S.C. § 3142(g) when making its

2    determination. These four factors are: (1) the nature and circumstances of the offense,

3    including whether the offense is a crime of violence or involves an explosive or destructive

4    device; (2) the weight of the evidence against the person; (3) the history and characteristics

5    of the person; and (4) the nature and seriousness of the danger to any person or the

6    community that would be posed by the person's release. In this case, all four factors weigh

7    against release.

8    **A.  Nature and Circumstances of the Charged Offenses**

9    Defendant is charged with multiple felonies based on heinous threats directed at law

10   enforcement. The language in these threats include language such as "the only good FBI

11   [expletive] is a dead FBI [expletive]", "[e]xecute every single FBI agent and employee",

12   "shoot before they even pull their guns out of their trunk" and "I want them to die

13   slowly…". These posts are very violent in nature and encourage others to act violently as

14   well. Defendant possessed weapons and posted about his willingness to use them. This

15   conduct establishes that Defendant has a propensity for violence such that he is a danger to

16   the community.

17   Moreover, Defendant is facing a sentence of ten years. This prospective sentence

18   gives Defendant a strong incentive to flee the jurisdiction of the Court, regardless of any

19   alleged ties to the community. *See United States v. Jones*, 2013 WL 1908293 (D.Nev.

20   2013), citing *United States v. Parodi*, CR–08–0083 PJH, 2008 WL 683421, at *2 (N.D.Cal.

21   Mar. 7, 2008) (stating that the length of sentence is of "particular importance in assessing

22   the risk of flight").

23   **B.  Weight of The Evidence**

24   The weight of the evidence is overwhelming. Defendant has admitted being the

25   individual user "SgtCup" making these posts. The threats are many, over a significant

26   period, and appear to become more extreme recently. The most recent charged post was

27   made November 20, 2023, but Defendant continued posting on this website up to his arrest.

28

1  Finally, following a search of Defendant's residence and vehicle, agents found firearms,

2  ammunition, and body armor. Accordingly, this factor supports also supports detention.

3  **C. Defendant's History and Characteristics.**

4  As set forth in the Pretrial Services Report, Defendant has few law enforcement

5  contacts. None involve assaulting behavior. The escalation of his threatening language and

6  inclusion of at least one video with weapons however do favor detention. Defendant also

7  discussed substance abuse and some mental health concerns in his post arrest interview.

8  Defendant's conduct posting has been unpredictable and escalating, further raising concern

9  for the safety of the community, and making it more difficult to craft adequate terms of

10  release. Additionally, he has shown he will not comply with restrictions on the internet as

11  evidenced by his history of repeatedly violating terms on those sites and being removed.

12  Thus, this factor supports detention.

13  **D. Danger Posed by Defendant's Release**

14  Defendant poses a risk to the community given the nature of his threats and the

15  items recovered in the search warrant. He not only made the charged threats, but he also

16  made threats towards elected officials including threats to rape a congresswoman and a

17  threat to kill and elected District Attorney. Defendant had body armor and thousands of

18  rounds of ammunition in his home. And while he was not a prohibited possessor, the

19  totality of circumstances surrounding his violent online threats and the possession of

20  weapons is indicative of danger to the community. Defendant also has a documented

21  history of failing to comply with restrictions surrounding social media usage. There are no

22  conditions that can reasonably be expected to ensure the safety of the community. This

23  factor supports detention.

24  //

25  //

26  //

27  //

28  //

1

### III.   CONCLUSION

2     For the foregoing reasons, the government respectfully requests that this Court

3  detain the defendant pending trial as a flight risk and danger. Should the Court opt to release

4  the defendant, the United States requests not only a prohibition on alcohol, possessing

5  weapons and electronic GPS monitoring but also internet monitoring through Pretrial

6  Services.

7     Respectfully submitted this 20th day of December, 2023.

8

9                                       GARY M. RESTAINO
                                        United States Attorney
10                                      District of Arizona

11                                       *s/Abbie Broughton Marsh*
                                        ABBIE BROUGHTON MARSH
12                                      Assistant U.S. Attorney

13

14                    **CERTIFICATE OF SERVICE**

15     I hereby certify that on this date, I electronically transmitted the attached document

16  to the Clerk's Office using the CM/ECF system for filing. I hereby certify that on this same

17  date, I served the attached document by electronic mail, on the following, who may or may

18  not be registered participants of the CM/ECF System:   Joshua Fisher, Counsel for

19  Defendant

20

21  *s/Abbie Broughton Marsh*
   US Attorney's Office

22

23

24

25

26

27

28