Woody Thompson (AZ Bar No. 021356)
Joshua Fisher (AZ Bar No. 024890)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Phone: (602) 510-9999
Fax: (866) 689-0683
Email: woody.thompson@gknet.com
joshua.fisher @gknet.com
*Attorneys for Defendant Michael Tomasi*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                            Plaintiff,<br><br>      vs.<br><br>Michael Tomasi,<br><br>                            Defendant. | Case No. CR23-1751-PHX-DWL<br><br>**DEFENDANT'S DETENTION<br>HEARING MEMORANDUM**<br><br>(Assigned to the Hon. Alison Bachus) |

The Defendant, Michael Tomasi, by and through undersigned counsel, hereby submits this Detention Hearing Memorandum in anticipation of his detention hearing set for Thursday, December 21, 2023, before the Honorable Alison Bachus.  For the reasons set forth below, Mr. Tomasi respectfully requests he be released to *Crossroads* pending trial, should a bed be made available to him.  In the alternative, Mr. Tomasi requests he be released with conditions.

## I.    <u>The Bail Reform Act's factors regarding release and detention.</u>

Federal release and detention are governed by the Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3156. The Act provides the trial court with four options when considering pre-trial release: (1) release the defendant on personal recognizance or an unsecured bond; (2) release the defendant on conditions; (3) temporarily detain the defendant to permit

revocation of conditional release, deportation or exclusion; or (4) detain the defendant. 18 U.S.C. § 3142 (a).

Title 18 U.S.C. § 3142(b) mandates pretrial release on personal recognizance or an unsecured appearance bond unless the court determines that "such release will not reasonably assure" the person's appearance or "will endanger the safety of any other person or the community." The Ninth Circuit has said, "Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

Section 3142(g) sets forth the following guidelines that judicial officers must follow in considering whether a defendant should be detained or released:

(1) the nature and circumstances of the offense charged,

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including--

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government bears the burden of proof at a Detention Hearing and must establish by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community, and by a preponderance of the evidence that the defendant poses a flight risk. *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir.1985).  If the court determines that personal recognizance or an unsecured bond will not reasonably assure appearance or will endanger any other person or the community, the Act requires a court to impose the *least* restrictive set of conditions reasonably necessary to secure the defendant's appearance or the safety of the community. 18 U.S.C. § 3142 (c)(1)(B).

**II.     Application of the Bail Reform Act Factors.**

**A.     The Charged Offenses and Relative Strength of the Government's Case**

The Indictment alleges three (3) counts of Threats Against a Federal Official in violation of Title 18, United States Code, Section 115(a)(1)(B) and three (3) counts of Interstate Threats, in violation of Title 18, United States Code, Section 875(c).   Based upon the indictment, the charges represent two distinct theories of prosecution for three separate acts. With an admittedly limited review of the Government's evidence, the Indictment seems to be based upon substantial evidence, however, avenues of defense exist with respect to applicability of the First Amendment and the increasingly evanescent line between politically charged rhetoric and legitimate threats of violence.

**B.     The Defendant's Background**

Mr. Tomasi is a thirty-seven-year old male who recently moved back to Arizona to be closer to his family.  Originally from California, Mr. Tomasi lost his mother at an early

3

age. His father now remarried; Michael enjoys the support of a close family.  In fact, prior

to his arrest, Michael was living and helping care for his grandfather at the home they

shared.  Michael's father has also agreed to serve as a third-party custodian, should that be

deemed appropriate.

Michael is employed at the Verde River Golf Club, where he had worked since

moving to Arizona. Prior to his position at Verde River Golf Club, Michael owned and

operated his own small business, it is believed Michael would be welcomed back to work

should he be released pending trial.  Despite his employment, Michael has limited

financial means.

Michael has long struggled with mental health, dating back to the loss of his

mother as a child.  While his only known formal diagnosis was for Attention Deficit

Hyperactivity Disorder, it is believed he also suffers from sever anxiety and Post-

Traumatic Stress.  Michael has reported using Marijuana to address his anxiety and

resorting to alcohol during depression.  However, Michael is very receptive to substance

abuse treatment and education.  Michael was recently screened for services through

Crossroads, and was found suitable for program placement, with a bed available January

3rd, 2024.

C.     The Defendant's Criminal History

Michael has sustained only a single misdemeanor conviction for the non-violent

offense of Selling Liquor to a Minor. Michael successfully completed a probationary term

as a result. The conviction itself is almost fifteen years old.  A review of the Pretrial

Services Report shows no indication Michael has ever failed to appear for court as

directed.  Nor was Michael on any form of supervised release at the time of these alleged offenses.

### D.  Possible Danger to Community

Given the absence of any violent criminal history, it appears that historically Michael has not been a significant threat to law enforcement or his community. Moreover, we have empirical proof that Michael isn't currently a danger.  While the allegations made in the indictment may be inflammatory and alarming, the conduct at issue dates back to May of 2021.  In the two years that have passed, while the rhetoric is alleged to have continued, there is no suggestion Michael has ever acted in violence.  In point of fact, when he was arrested in this matter, Michael explicitly stated he would *not* resist law enforcement, and- without being questioned- readily identified the specific location of his firearm to ensure everyone's safety.  Michael fully cooperated with Law Enforcement's investigation, even going so far as providing the combination to his gun safe.

### III.  Conclusion

Michael has close familial ties to the community and gainful employment.  His father has agreed to serve as a third-party custodian. Michael is welcoming of any treatment deemed appropriate and will abide by any release conditions established.  His modest income and history of appearing for court both suggest Michael is a minimal flight risk. Michael's family has assisted in retaining private counsel, indicating both continued familial support and Michael's strong desire to address the charges directly. Most

importantly, the absence of any violent criminal history strongly suggests he isn't a threat to the community.

As a result, release to *Crossroads* for mental health and substance abuse evaluation and treatment appears to be the least onerous means of both protecting the public and ensuring Michael's appearance at future court hearings. Absent that, release with conditions, such as Global Positioning System monitoring, curfew and reporting requirements, and Computer usage restrictions, would be more than sufficient to reasonably assure the safety of the community and Michael's continued appearance at Court.

Respectfully submitted this 20th day of September, 2023.

**GALLAGHER & KENNEDY, P.A.**

By: _____
   Woody Thompson
   Joshua Fisher
   Attorneys for Defendant,
   Michael Tomasi

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December, 2023, I electronically transmitted foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ ECF registrants:

Honorable Alison Bachus
United States District Court
401 W. Washington Street, #303
Phoenix, AZ 85003

Abbie Broughton Marsh
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, AZ 85004-4408
*Attorney for Plaintiff*

*/s/ Joshua Fisher*